# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 3, 2012

Lyle W. Cayce
Clerk

No.11-51279
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRUCE WILBERT LAWS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
(6:06-CR-51)

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Bruce Wilbert Laws, federal prisoner # 56612-180, moves this court for leave to proceed in forma pauperis (IFP) on appeal from the district court's orders denying his 18 U.S.C. § 3582(c)(2) motions for a sentencing reduction. By moving to proceed IFP, Laws is challenging the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5). This court's inquiry into the litigant's good faith "is limited to whether the appeal involves 'legal points arguable on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Laws contends that the district court abused its discretion in declining to reduce his sentence based on retroactive Amendment 750.[**] The district court correctly concluded that Laws was not entitled to relief based on Amendment 750 because, even without consideration of the crack cocaine in his case, he was responsible for 750.7 grams of powder cocaine, which drug quantity alone results in the same base offense level and guidelines range he faced at sentencing. Because Amendment 750 did not result in a lower sentencing guidelines range in Laws' case, the district court did not err in denying his § 3582(c)(2) motions. *See* § 3582(c)(2); *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009); U.S.S.G. § 1B1.10(a)(1), (a)(2)(B), p.s.

Nevertheless, Laws argues that, in the interests of fairness, the district court should have additionally considered a sentencing reduction based on the fact that 93% of the powder cocaine for which he was held accountable resulted from an improper conversion of cash seized at the time of his arrest to drugs for sentencing purposes. Laws may not raise this claim now. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009) (stating that a § 3582(c)(2) motion is not a proper vehicle for asserting challenges to the original sentencing); *see also* § 1B1.10(b)(1).

Laws has not demonstrated any arguably nonfrivolous claim for appeal. *See Howard*, 707 F.2d at 220. Accordingly, his request for leave to proceed IFP on appeal is denied, and the appeal is dismissed. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Additionally, Laws' attempt to challenge the cash-to-drugs conversion through a § 3582(c)(2) motion is a continuation of his repetitious filings seeking

---

[**] Laws has abandoned by failing to brief any argument renewing the claim that he was entitled to a sentencing reduction under Amendments 706, 711, 713. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

to raise the claim despite its having been raised and rejected on direct appeal and in his § 2255 motion.  Laws is therefore cautioned that any future frivolous, repetitive, or otherwise abusive filings may result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.

IFP DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.